UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ADIEL POSADA,

                            *Plaintiff*,

                    -against-

EAST COAST CAPITAL, *et al*.,

                         *Defendants*.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CV-01579 (RER) (JMW)

**A P P E A R A N C E S:**

    Chauncey Henry, Esq.
    **Henry Law**
    300 Old Country Road, Suite 241
    Mineola, NY 11501
    *Attorneys for Plaintiff*

    Tamika Hardy, Esq.
    **Rivkin Radler LLP.**
    926 RXR Plaza
    Uniondale, NY 11556
    *Attorneys for Defendants*

**WICKS**, Magistrate Judge:

    Before the Court is Defendants' application to seal a settlement agreement between the parties (ECF No. 38), which was filed in conjunction with Defendants' motion to dismiss (ECF No. 39). The Settlement Agreement (filed under seal at ECF No. 40-2) contains a standard "confidentiality" clause (*see id.* at p.4). However, simply because parties stipulate to confidentiality in a settlement agreement does not, in and of itself, satisfy the requirements to have that agreement filed under seal from public view. The only argument advanced in the one-page motion to seal is the general proposition that "Filing of settlement agreements under seal is entirely consistent with the Second Circuit's long-held respect for the inherent confidentiality of

1

settlement terms." *See* Motion (ECF No. 38), *quoting Mercer Health & Ben. LLC v. Brown*, 2022 U.S. Dist. LEXIS 132143, at *2-3 (S.D.N.Y. July 21, 2022). No further or other argument or justification for sealing is proffered. As such and for the following reasons, Defendants' motion to seal the settlement agreement filed at ECF No. 40-2, is **DENIED**.

## DISCUSSION

There is a presumptive right of public access to judicial documents and records. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2015); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history."). That right includes "a general right to inspect and copy such judicial documents." *Mirlis v. Greer*, 952 F.3d 51, 58–59 (2d Cir. 2020) (internal citations omitted), which right of public access has roots in the First Amendment of our Constitution. *See Richmond Newspapers v. Virginia*, 448 U.S. 555 (1980) (guaranteed right under 1st and 14th Amendments of public to attend criminal trials). This right, however, is not absolute as a party may move to seal judicial records. Yet Motions to seal must be "'carefully and skeptically reviewed to ensure that there really is an extraordinary circumstance or compelling need' to seal the documents from public inspection." *Bernstein*, 307 F. Supp. 3d at 165 (quoting *Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994)); *see Lugosch*, 435 F.3d at 119. Indeed, "[t]he burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (internal citations omitted) ("The party opposing disclosure of a judicial document must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection . . . broad

allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test.").

The Second Circuit has adopted a three-part analysis to guide district courts when determining whether documents filed in a case can and should be placed under seal. *See Lugosch*, 435 F.3d at 119–20; *see also King Pharm., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540 (DGT), 2010 WL 3924689, at *4 (E.D.N.Y. Sept. 28, 2010). *First*, the court "must determine whether documents are judicial documents that are relevant to the performance of the judicial function and useful in the judicial process." *Saadeh v. Kagan*, No. 20-CV-1945 (PAE) (SN), 2021 WL 965334, at *2 (S.D.N.Y. Mar. 15, 2021) (internal quotation and citations omitted). *Second*, the Court must weigh the common law or constitutional presumption of access attached to the documents in question. *See Saadeh*, 2021 WL 965334, at *2 (citing *Lugosch*, 435 F.3d. at 119–120). And *third*, the Court must use its discretion to determine "whether there are any countervailing concerns that would weigh against full public access to the documents." *See Saadeh*, 2021 WL 965334, at *2 (citing *Lugosch*, 435 F.3d. at 120). The Court considers the *Lugosch* factors in turn.

***The Document is a Judicial Document Relevant to the Performance of Judicial Functions and Useful in the Judicial Process***

"A judicial document is not simply a document filed with the court, but one that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Cantinieri v. Versick Analytics, Inc.*, No. 21-cv-6911 (NJC) (JMW), 2024 WL 759317, at *2 (E.D.N.Y. Feb. 23, 2024) (quoting *Lugosch*, 435 F.3d at 115) (citation omitted). A document is relevant to the performance of judicial functions if "it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers . . . ." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). As such, judicial documents that are

3

tantamount to performance of Article III functions likely carry a strong presumption of access whereas documents that are insignificant in helping a court reach an adjudicative decision demonstrate a low presumption of access. *See United States v. Amodeo*, 71 F.3d 1044, 1049–50 (2d Cir. 1995).

Settlement agreements submitted to the court in connection with a motion are unquestionably a judicial document. *See Separ v, County of* Nassau, 21-CV-0010 (OEM) (JMW) (E.D.N.Y. Nov. 8, 2024) (denying motion to seal settlement agreement on motion to enforce settlement agreement); *Chronicle Books, LLC v. Audible, Inc.*, No. 19-CV-7913 (VEC), 2020 WL 13556403, at *1 (S.D.N.Y. Feb. 12, 2020) (denying the motion to seal the entirety of the settlement agreement and noting "there is no doubt that a settlement agreement over which the Court retains enforcement jurisdiction is a judicial document"); *see also Chigirinskiy v. Panchekova*, 319 F. Supp. 3d 718, 737 (S.D.N.Y. 2018) (concluding there was "no question" that the settlement agreement was a judicial document as it was filed in connection with the pending motion to enforce the settlement agreement, thus "relevant to the judicial function of adjudicating [that] motion"). Here, the Settlement Agreement is submitted to the court as an exhibit to the motion to dismiss (ECF No. 39), thus there is "no question" that the Settlement Agreement is a judicial document. *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 167 (S.D.N.Y. 2018) (characterizing the settlement and arbitration agreements as judicial documents, thus subject to a high presumption of public access, where defendant requested that the court "resolve a dispute by relying on the very Agreements [defendant] seeks to shield from public view"). As such, the Court next considers whether there is a presumption of access associated with the document and whether there are any countervailing concerns. *See Lugosch*, 435 F.3d at 119.

### *There a Presumption of Access Associated with the Document*

Judicial documents are presumptively subject to public inspection. *Amodeo*, 71 F.3d at 1047. "[T]he presumption is at its strongest when the document in question . . . has been submitted as a basis for judicial decision making." *Cedar Swamp Holdings, Inc. v. Zaman*, 476 F. Supp. 2d 303, 304 (S.D.N.Y. 2007) (quoting *Greater Miami Baseball Club Ltd. P'Ship. v. Selig*, 955 F. Supp. 37, 39 (S.D.N.Y. 1997)). To determine the weight afforded to this presumption of access, courts will consider the "role of the material at issue in the exercise of Article III judicial power." *Amodeo*, 71 F.3d at 1049.

Indeed, where documents "directly affect an adjudication," or are used to determine the substantive rights of the parties, the presumption of access is "at its zenith" and can only be overcome by extreme circumstances. *42West LLC v. Gould*, No. 21-CV-1581 (OTW), 2024 WL 4263235, at *2 (S.D.N.Y. Sept. 20, 2024) (highlighting that the presumption of access to the settlement agreement—the document that Plaintiff sought to seal—was "high" and "could only be overcome by extraordinary circumstances" as Plaintiff concurrently sought to enforce this agreement, thereby making it "integral to the performance of judicial power in this action"); *see Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (collecting cases where settlement agreements submitted to the court for enforcement were subject to the high presumption in favor of the public's common law right of access).

Accordingly, the presumption of access to the Settlement Agreement is "at its zenith" and the Court must now analyze whether any countervailing concerns overcome such a high presumption of accessibility to justify the Settlement Agreement being filed under seal. *See Selig*, 955 F. Supp. at 39 ("Only where countervailing considerations of privacy are sufficient to overcome the presumption may the [parties] be denied access to such documents.").

***Since No Countervailing Concerns Were Even Raised, the Presumption Has Not Been Overcome***

To overcome the presumption of public access, the party seeking to seal bears the burden of showing that countervailing, "substantial interests" outweigh the presumption. *See Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Substantial interests generally include "a third party's personal privacy interests, the public's safety, or preservation of attorney-client privilege." *Id.* at 647; *see Amodeo*, 71 F.3d at 1050 (finding that privacy interests coupled with law enforcement interests were factors that weighed in favor of public access to the judicial document). When analyzing whether countervailing concerns, like privacy interests, outweigh the presumption of access, courts should consider the degree to which the subject matter is traditionally considered private rather than public, the nature and degree of injury that may result from disclosure, and the reliability of such information. *See id.* When these factors "outweigh the value to the public of accessing the document at issue, then that document should be sealed." *Forbes IP (HK) Limited v. Media Business Generators, S.A. de C.V.*, No. 23-CV-11168 (JGLC), 2024 WL 1743109, at *8 (S.D.N.Y. Apr. 23, 2024) (citation omitted).

Here, there is no rationale whatsoever offered in the motion to seal other than the general principle that filing under seal is consistent Second Circuit law recognizing the inherent confidentiality of settlement terms. That is simply insufficient to keep it secret from public access. The mere fact that the Settlement Agreement, signed by the parties, contains a confidentiality clause does not in and of itself constitute a countervailing consideration sufficient to overcome the presumption of public access to such judicial document. *See, e.g., Bernsten*, 307 F. Supp. 3d at 168 (determining, in the context of enforcing a settlement agreement, that "Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents"); *Beverly Hills Teddy Bear Co. v. Best Brands*

6

*Consumer Prods., Inc.*, No. 1:19-cv-3766 (GHW), 2020 WL 7706741, at *4 (S.D.N.Y. Dec. 29, 2020) (denying the motion to seal the settlement agreement after concluding that "while the [settlement] agreement might prohibit the parties from disclosing its terms, contrary legal obligations, including the presumption of public access, can qualify that prohibition"). Put simply, a litigant's desire to keep settlement terms confidential does not change this result. *See Cont'l Indem. Co. v. Timothy Coffey Nursery/landscape, Inc.*, No. 2:21-cv-0853 (JS) (JMW), 2022 WL 445533, at *2, *4 (E.D.N.Y. Feb. 14, 2022) (holding that "[s]imply because parties to a litigation agree the file should be sealed does not make it so" as "[s]ealing is not deemed necessary by virtue of the litigants entering into a confidentiality agreement"). In *Timothy Coffey*, this Court denied Defendants' unopposed motion to seal the case record, which included a settlement agreement. *Id.* at *1, *4. Specifically, the fact that the parties "anticipated or contemplated" that the settlement agreement would be sealed did not alter this Court's conclusion that absent considerations other than the existence of a bargained-for confidentiality agreement the presumption of access was not overcome. *Id.* at *4.

Furthermore, the Court is unable to discern (nor was it argued by the parties) any alleged injury that might result from refusing to seal the Settlement Agreement. Courts within the Second Circuit routinely deny requests to seal settlement agreements where the parties fail to sufficiently justify such an extreme procedural mechanism. *See, e.g., Welch v. Bio-Reference Laboratories Inc.*, No. 1:19-cv-0846 (BKS/DJS), 2021 WL 1850930, at *3 (N.D.N.Y. May 10, 2021) (concluding the motion to seal should be denied where "[o]ther than referring to the parties' agreement that the settlement remain confidential, Defendant provide[d] no reason that would provide a basis on which sealing . . . was justified"); *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 413–14 (S.D.N.Y. 2014) (denying the motion to seal where the

7

moving party provided "almost no factual basis" for the Court to determine whether sealing was appropriate, but rather submitted "boilerplate statements" that the agreement contained sensitive information and a confidentiality provision which justified sealing the document); *Mercer Health & Benefits LLC v. DiGregorio*, No. 18-cv-1805 (JGK), 2018 WL 3559165, at *1 (S.D.N.Y. July 13, 2018) (holding that the parties, in failing to identify "countervailing factors beyond their intention and understanding that the [settlement] agreement would remain confidential," did not overcome the presumption of access). *Au fond*, such conclusory assertions that courts should honor the parties' wish for confidentiality and subsequently encourage both settlement agreements and confidential, private resolutions of disputes do not justify sealing the record. *See Bernsten*, 307 F. Supp. 3d at 168 (determining that defendant's position that "failing to seal Confidential Agreements will discourage confidential private resolutions of disputes and that confidentiality provisions would become meaningless" was inadequate to support a sealing of the settlement agreement) (internal quotations omitted).

  *Woodway USA, Inc. v. Speedfit LLC* is similar to this situation. There, the court denied a motion to seal a settlement agreement made in connection with an allegation of breach of that agreement. No. 22-CV-2455 (EK)(RER), 2022 WL 17820122, at *1–2 (E.D.N.Y. July 26, 2022). Plaintiff, in support of its motion to seal, contended that the settlement agreement itself called for the terms to remain confidential. *Id.* at *2. The court found this argument unavailing. In denying the application, the court first determined that the settlement agreement was a judicial document as the disposition of the action for breach could not be adjudicated without reference to the explicit agreement itself. *Id.* Furthermore, the court noted that plaintiff failed to overcome the general presumption of public access associated with this agreement because plaintiff failed to

8

identify "with specificity" the specific harm that would result if the agreement remained unsealed. *Id.*

## CONCLUSION

Based upon the foregoing, Defendants' Motion to Seal (ECF No. 38) is **DENIED,** without prejudice to renew if the parties can set forth circumstances that satisfy the standard enunciated in *Lugosch v. Pyramid Co.*

Dated: Central Islip, New York
November 8, 2024

**S O   O R D E R E D:**

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge