# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

№ 23-CV-1579 (RER) (JMW)

———————————

ADIEL POSADA,

PLAINTIFF,

VERSUS

EAST COAST CAPITAL, SETH B. FASS, COREY WINOGRAD,

DEFENDANTS.

———————————

**SUMMARY ORDER – NOT FOR PUBLICATION**

———————————

**RAMÓN E. REYES, JR., United States District Judge:**

After carefully reviewing the record, and for the reasons set forth herein, defendants' motion is GRANTED and the amended complaint is DISMISSED.[1]

I disagree that the amended complaint should be dismissed due to the settlement agreement. While the settlement agreement clearly and unambiguously waives all of Mr. Posada's claims that accrued prior thereto, the non-existence of a settlement is not something that a plaintiff has to allege in a complaint. Accord and satisfaction is an affirmative defense that a defendant must allege and prove. Moreover, although some

---

[1] Familiarity with the facts and procedural history is presumed.

courts have applied *Bormann v. AT&T Communications, Inc.*, 875 F.2d 399 (2d Cir. 1989), in the motion to dismiss context, it is more often applied during or after summary judgment. Indeed, *Bormann* itself was an appeal from post-trial dismissal of the plaintiffs' claims. *Id.* at 401. It seems more appropriate to address the issue of whether the settlement was entered knowingly and voluntarily during summary judgment or at trial.[2]

I do agree, however, that the claims in the amended complaint are not adequately pleaded. To survive a motion to dismiss for failure to state a claim for relief pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although 'detailed factual allegations' are not required, '[a] pleading that offers labels or conclusions or a formulaic recitation of the elements of a cause of action will not do.'" *138-77 Queens Blvd LLC v. Silver*, 682 F. Supp. 3d 271, 279 (E.D.N.Y. 2023) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937).

As defendants argue in their memorandum of law and reply, the amended complaint is completely devoid of factual content that would allow the Court to draw any inferences, let alone reasonable ones, that defendants are liable to Mr. Posada for employment discrimination or retaliation, breach of contract, defamation, or tortious

---

[2] For this reason, I reject defendants' law of the case, res judicata, and collateral estoppel arguments.

2

interference with business relations. Indeed, the amended complaint, even taken as true, consists of little more than strings of labels and conclusions that Mr. Posada was harmed, and that is not enough. None of Mr. Posada's arguments to the contrary hold any water and are therefore rejected.

I also agree that were Mr. Posada's federal discrimination and retaliation claims to be dismissed, the Court would lack subject matter jurisdiction over his state common law claims for breach of contract, defamation, and tortious interference with business relations. There is no diversity here, and therefore, subject matter jurisdiction would be lacking.

For the reasons set forth above, defendants' motion to dismiss is GRANTED and the amended complaint is DISMISSED.

As leave to amend is to be freely given absent futility or prejudice, which I do not find here, Mr. Posada will be given 30 days to file a second amended complaint. Mr. Posada is advised to include enough *facts* in the second amended complaint to withstand another motion to dismiss, and not merely rely on conclusory allegations and legal conclusions as he has done thus far.

SO ORDERED.

Hon. Ramón E. Reyes, Jr.   Digitally signed by Hon. Ramón E. Reyes, Jr.
                           Date: 2025.03.26 19:04:51 -04'00'

RAMÓN E. REYES, JR.
United States District Judge

Dated: March 26, 2025
       Brooklyn, NY

3