FILED
CLERK

9/24/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------X
ADIEL POSADA,

                *Plaintiff*,

                **ORDER**

    -against-                23-cv-01579 (RER) (JMW)

EAST COAST CAPITAL CORP.,
                *Defendant*.

---------------------------------------------X

**WICKS**, Magistrate Judge:

    Plaintiff, Adiel Posada ("Posada") recently filed the Second Amended Complaint ("SAC") against Defendant East Coast Capital ("East Coast") after the Hon. Judge Ramón E. Reyes, Jr. dismissed the first amended complaint (ECF No. 45) and granted leave to amend. (*See* ECF No. 46.) The SAC alleges claims of (i) discrimination based on national origin in violation of Title VII, (ii) retaliation in violation of Title VII, (iii) breach of contract (iv) defamation, and (v) tortious interference with business relations. (*See id.*) Defendant moved for a pre-motion conference before the District Judge (ECF No. 47), a hearing was held (ECF No. 51), and a briefing schedule was set on the anticipated motion to dismiss the SAC. Subsequently, Defendant filed the instant motion seeking a stay of discovery pending the anticipated motion to dismiss. (ECF No. 59.) Although Plaintiff was afforded an opportunity to oppose, none was filed. (*See* Electronic Order dated 9/12/2025.) For the reasons stated herein, Defendant's Motion to Stay Discovery pending the anticipated motion to dismiss (ECF No. 59) is **GRANTED**.

## THE LEGAL FRAMEWORK

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted). It is against this backdrop that the Court considers the present application.

## ANALYSIS

I. ***Defendant's Showing that Plaintiff's Claims are Unmeritorious***

The question of whether Defendant has shown that Plaintiff's claims are unmeritorious is critical in determining whether a stay is warranted. In doing so, the Court considers the pre-

motion letter[1] (ECF No. 47) filed in connection with Defendant's anticipated motion to dismiss and the instant motion.[2]

### A. *Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6)*

Generally, to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also CompassCare v. Hochul*, 125 F.4th 49, 56-57 (2d Cir. 2025) (quoting *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Annabi v. New York Univ.*, No. 24-CV-2601, 2025 WL 1066083, at *1 (2d Cir. Apr. 9, 2025) (quoting *Iqbal*, 556 U.S. at 687). To that end, complaints are properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

When considering a motion to dismiss under 12(b)(6), the Court must assume all well-pleaded facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). However, this tenet does not apply to legal conclusions or "threadbare recitals of a cause of action's elements." *Iqbal*, 556 U.S. at

---

[1] Plaintiff did not file an opposition to the pre-motion conference letter.

[2] This analysis is not intended to pre-judge the motion to dismiss which is not yet briefed. Rather, the analysis is solely for the purpose determining whether a discretionary stay is appropriate.

3

663. Pleadings that offer only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. More is required.

Plaintiff asserts claims for (i) discrimination based on national origin in violation of Title VII, (ii) retaliation in violation of Title VII, (iii) breach of contract (iv) defamation, and (v) tortious interference with business relations. (ECF No. 46 at 13-19.) Here, assuming the truth of the allegations as required, it appears that Plaintiff's claims are unlikely to survive a motion to dismiss.

First, for a Title VII discrimination claim to be successfully pled, the following must be shown: "(1) he belonged to a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Joseph v. Owens & Minor Distribution, Inc.*, 5 F. Supp. 3d 295, 308 (E.D.N.Y. 2014), *aff'd*, 594 F. App'x 29 (2d Cir. 2015) (quoting *Brown v. City of Syracuse,* 673 F.3d 141, 150 (2d Cir.2012)). The SAC adequately pleads the first three elements: (i) Plaintiff is part of the protected class of Hispanic national origin, (ii) he was qualified to be in his position, and (iii) he was subject to adverse employment actions, which he lists. (ECF No. 46 at 14.) However, the last element of intent is simply a conclusion that "Plaintiff's Hispanic heritage was a motivating factor in Defendant's adverse treatment of him." (*Id.* at ¶ 111.) Indeed, Defendant's pre-motion letter focuses on the lack of discriminatory intent. (ECF No. 47 at 3.) Due to the lack of evidence or support, this claim will likely fail. *See Baez v. Amazon.com Servs., LLC*, 659 F. Supp. 3d 339, 349 (E.D.N.Y. 2023), *appeal dismissed* (June 22, 2023) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) ("To survive a motion to dismiss, 'absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a

4

member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent.'")).

Second, for Plaintiff's retaliation claim, it must be alleged that,

> (1) she was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action. But at the motion-to-dismiss stage, the allegations in the complaint need only give plausible support to the ... prima facie requirements. Accordingly, to survive a motion to dismiss, the plaintiff must only plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against [her], (2) because [s]he has opposed any unlawful employment practice.

*Little v. City of New York Dep't of Fin.*, No. 20-CV-1979 (RPK) (MMH), 2022 WL 4539574, at *5 (E.D.N.Y. Sept. 28, 2022) (citations and quotations omitted).

Plaintiff alleges that he was retaliated against following his complaints about internal discriminatory practices. (ECF No. 46 at 15.) However, the statements remain conclusory. Plaintiff does not state what unlawful employment practice he opposed nor is any "plausible support" advanced for the alleged retaliatory conduct. Therefore, at this stage enough is still not pled. (*Id.*)

As Judge Reyes stated in his Summary Order dismissing the first amended complaint, if the federal discrimination and retaliation claims fail, then the Court lacks subject matter jurisdiction. (ECF No. 45 at 3.) Indeed, diversity remains absent here,[3] so given the likelihood that the federal claims are dismissed, the action in its entirety is likely the state claims will follow suit. Therefore, since the claims are likely to be considered unmeritorious, this factor favors a stay.

---

[3] The SAC alleges that Plaintiff is a New York domiciliary, and Defendant is a New York corporation with its principal place of business in New York. (ECF No. 46 at ¶¶ 2-3.)

## II. *Breadth of Discovery*

Given the circumstances present here, and the fact that the Court previously granted a stay pending the outcome of the first motion to dismiss (*see* Electronic Order dated 5/9/2024), granting the stay would help the parties "avoid substantial burden and waste of precious resources." *Cohen v. Saraya USA, Inc.*, No. 23-CV-08079 (NJC)(JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024). This is particularly true where, as here, Defendant seeks to dismiss the entirety of the SAC. (ECF No. 59 at 3.) In the absence of a stay, the parties would have to conduct essentially all paper discovery and depositions. (*Id.*) It does not appear that discovery is required to decide the anticipated motion apart from Judge Reyes' suggestion to take the limited deposition of Plaintiff. (*See* ECF No. 52.) In fact, Judge Reyes issued an Order following the pre-motion conference stating "Defendants are correct in their understanding of the Court's ruling regarding Mr. Posada's deposition. It shall be limited solely to the issue of the release at this time, and Defendants may take a full deposition of Plaintiff regarding all remaining claims, if any, following their motion to dismiss the Second Amended Complaint." (*See* Electronic Order dated 6/30/2025.)

Based on the above, considering the breadth of discovery, this factor weighs in favor of granting the stay.

## III. *Risk of Unfair Prejudice*

Even though a stay would inevitably delay discovery, *see Bensmaine v. City of New York*, No. 21-CV-04816 (LJL), 2022 WL 3362188, at *2 (S.D.N.Y. Aug. 15, 2022) (finding that a stay would cause discovery delays), "[m]ere delay in the litigation does not establish undue prejudice." *Wiesel v. Apple Inc.*, No. 19-CV-7261 (JMA) (JMW), 2021 WL 5038764, at *3 (E.D.N.Y. Oct. 29, 2021). Notwithstanding the two-year age of this case, "Plaintiff still has not even bothered to serve his initial disclosures despite multiple court orders directing service of

6

same." (ECF No. 59 at 3.) Apparently no discovery has taken place other than a limited deposition on the issue of waiver and release. (*Id.*) Courts in this Circuit grant short stays that will be lifted upon the decision of a motion to dismiss and "neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y 2002); *Nat'l Rifle Assn'n of Am. v. Cuomo*, 2020 WL 7338588, at *4 (N.D.N.Y. 2020). Here, a short stay is not likely to cause undue prejudice. *See Maddix v. City of New York*, No. 25-CV-01909 (HG), 2025 WL 1530648, at *3 (E.D.N.Y. May 29, 2025) (granting stay absent prejudice due to early stages of litigation).

Moreover, Plaintiff has not expressed or identified any undue prejudice if this motion is granted, thus the Court finds no reason to deny the motion to stay discovery at this juncture. *See Coughlin v. New York State Unified Ct. Sys.*, No. 22-CV-04002 (FB)(JMW), 2022 WL 22910985, at *3 (E.D.N.Y. Oct. 4, 2022) (quoting *United States v. Cnty. of Nassau*, 188 F.R.D. 187, 189 (E.D.N.Y. 1999) ("granting a stay of discovery during the pendency of a motion to dismiss where the 'interests of fairness, economy, and efficiency ... favor[ed] the issuance of a stay of discovery,' and where the plaintiff failed to claim prejudice in the event of a stay")).

Therefore, this factor weighs in favor of granting the stay. Accordingly, a review of all the factors and Defendant's submission (ECF No. 59), has shown good cause to warrant the limited stay of discovery pending resolution of the anticipated motion to dismiss. *See Chesney*, 236 F.R.D. at 115.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Stay (ECF No. 59) is **GRANTED**.

Dated: Central Islip, New York
September 24, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge